**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| JOSHUA SCULLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:18-CV-71-PPS |
| | ) |
| FRANCISCAN HEALTH and NOELLE | ) |
| COBBS, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Joshua Scully, a *pro se* plaintiff, filed a complaint and a petition for leave to

proceed *in forma pauperis*. [DE 1, 2.] Because he was trying to file this case free of

charge, I reviewed the complaint to determine if it was frivolous or malicious, failed to

state a claim upon which relief may be granted, or sought monetary relief against a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If that was the

case, then § 1915(e)(2) requires that I dismiss the complaint.

After reviewing his initial complaint, I was unable to discern any cognizable

claim. Instead of dismissing his complaint, however, I granted Scully leave to amend

his complaint. I cautioned him that his complaint, as written, did not state a claim over

which I have jurisdiction. I indicated that if he meant to bring an action under 42 U.S.C.

§ 1983, he was required to allege that the defendants were acting under color of state

law. [DE 3.] Scully has since filed an amended complaint [DE 4], which I must now

review under § 1915(e)(2)(B).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus* , 551 U.S. 89, 94 (2007) (quotation

marks and citations omitted). Nevertheless, a plaintiff is responsible for "establishing

that the jurisdictional requirements have been met." *Ctr. for Dermatology & Skin Cancer,*

*Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014) (quoting *Iddir v. I.N.S.*, 301 F.3d 492, 496

(7th Cir. 2014)).

Scully has filed suit against Franciscan Health in Michigan City, Indiana, and Dr.

Noelle Cobbs. He alleges that certain hate crimes based on his religious beliefs were

committed against him by Dr. Cobbs and the hospital. From what I can glean from his

amended complaint, Scully alleges that he was involuntarily committed because he

reported that he "heard demons." He appears to allege that, because he did not have

suicidal or homicidal thoughts, rather only sleeping issues, he should not have been

involuntarily committed. He also claims that he didn't see the proper physician or

receive the proper medical practices to help him with his sleeping issues. [DE 4.]

As I explained in my prior order, Federal Rule of Civil Procedure 8 mandates

that a pleading must contain "a short and plain statement of the grounds for the court's

jurisdiction." Scully's amended complaint asserts that he is bringing his claim under

the Hate Crimes Statistics Act, which he says was passed by Congress to "assess and

quantify hate crimes committed against individuals such as me (based on religion)."

[DE 4.] The Hate Crimes Statistics Act, codified at 28 U.S.C. § 534, "direct[s] the

Attorney General to compile data 'about crimes that manifest evidence of prejudice

based on race, religion, sexual orientation, or ethnicity.'" *Wisconsin v. Mitchell*, 508 U.S. 476, 483 n.4 (1993). It's not at all clear to me how the facts, as Scully as alleged them, have anything to do with the compilation of data regarding hate crimes, as opposed to his allegation that he is the victim of a hate crime. Scully does not challenge any data that has been compiled, or not compiled, by the Attorney General. He also hasn't pointed to any private right of action provided for under the Act.

Apart from his invocation of the Hate Crimes Statistics Act, Scully does not identify any provision in the Constitution, laws, or treaties of the Unites States under which his action arises. Nor does he address whether there is diversity of citizenship. My best guess, as I said in my prior order, is that Scully could be asserting a claim under 42 U.S.C. § 1983. That provision, however, requires that the defendants be acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 49 (1988). Scully does not allege that Franciscan Health or Dr. Cobbs are state actors or that they were acting under state law. He doesn't allege any contract between the state government and the hospital or doctor or that they were participating in any state program. Moreover, my own research indicates that Franciscan Health is a private hospital system. A purely private physician and a purely private hospital are not state actors for purposes of § 1983. *See Spencer v. Lee*, 864 F.2d 1376, 1378 (7th Cir. 1989). Instead, Scully's allegations of false imprisonment, malpractice, trespass, and invasion of privacy are torts for which the common law of Indiana provides a remedy.

For these reasons, this action must be dismissed. I typically grant pro se litigants an opportunity to amend after dismissing a complaint. *See Luevano v. Wal-Mart*, 722 F.3d

1014 (7th Cir. 2013). I have already granted Scully an opportunity to amend his complaint to remedy the deficiencies I have identified. [DE 3.]  Scully has submitted his amended complaint, but he has failed to address any of the problems I noted.  It appears that he will be unable to do so even if he is granted another chance to amend his complaint.  Thus, any further attempt to amend the complaint would be futile.  *See Carpenter v. PNC Bank, Nat. Ass'n*, 633 F. App'x 346, 348 (7th Cir. 2016).

**ACCORDINGLY:**

This case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) because it does not state a claim.

**SO ORDERED.**

ENTERED: March 29, 2018.

_s/    Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT